# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | | |
|---|---|---|
| ADRIAN DESANTIAGO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:08-CV-203 WL |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

Adrian Desantiago, a *pro se* prisoner, filed a *habeas corpus* petition (Petition for Writ of Habeas Corpus, DE # 1 ) to challenge his reduction in credit class. On January 26, 2008, the Westville Correctional Facility Disciplinary Hearing Body ("DHB") found him guilty of violating the prison rule B 212, battery of a person. Desantiago raises four[1] grounds in his petition.

## DISCUSSION

Although he was charged with battery with a weapon, Code A, 102, Desantiago indicates he was convicted of "B 212 battery upon another." There was no evidence he committed battery with a weapon, Desnatiago declares. But, he complains "[t]hey charge me with a 212 for trying to protect myself from the punches from the other offender." Desantiago tried to tell the DHB he was just protecting himself but claims he was misunderstood; he says the DHB thought he was fighting. While Desantiago acknowledges he speaks "some English," he contends that he understands very little." Desantaigo alleges he "did not understand and was denied a translator." (DE # 1 at 6, 8).

---

[1] The fifth ground Desantiagao asserts simply restates the alleged constitutional violations presented in the preceding four grounds for relief.

Desantiago has a liberty interest in earned good time and before it can be taken away for misconduct he is entitled to basic procedural protections. These minimal, due process requirements are met by: (1) prior written notice of the charges; (2) an opportunity to present evidence; (3) an impartial decision maker; (4) a written statement of the evidence supporting the disciplinary action and the reasons for it; and (5) "some evidence in the record" to support the finding of guilt. *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974).

Desantiago lists four grounds for relief with each containing more than one claim. (DE # 1 at 2-3). First, Desantiago alleges "I should have had a right to an attorney, and jury trial." Next, he again contends he did not have a jury trial and adds that he "was not allowed to call witnesses or cross examine them." (DE # 1 at 2-3). The United States Supreme Court long ago recognized, "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff*, 418 U.S. at 556. "Due process in a prison setting is very limited . . .." *Wilson v. Jones*, 430 F.3d 1113, 1124 (10th Cir. 2005).

Although B 212, battery of a person, may incorporate the proscriptions of a state law, the conduct report did not involve a state offense, as Desantiago implies; it charged him with the violation of a prison rule. Prison disciplinary boards have the authority to determine whether an inmate violated a law in contravention of prison rules. *See generally Northern v. Hanks*, 326 F.3d 909, 910 (7th Cir. 2003) ("[O]fficials charged Northern with an Adult Disciplinary Procedures Code 100-A conduct violation for violating Indiana Code § 35-41-5-2(a) (conspiracy) and §35-44-1-1(a)(2)(bribery)."). *See also Reed v. Anderson*, 141 F. Supp.2d 961, 964 (N. D. Ind.2001) ("[G]uilty of violating ISP offense 'Class A-100-Dealing in Marijuana' ...."); *Wade v. Farley*, 869 F. Supp. 1365, 1376 (N. D. Ind.1994) ("[C]harged for a Class A-100 conspiracy to commit a felony.");

and *Holtz v. Richards*, 779 F. Supp. 111, 112 (N. D. Ind.1991) ("He was charged by the CAB with a violation of a federal, state or local law, 'attempted suicide,' I.C. § 35-45-5-1."). Though *Wolff* requires an impartial decision-maker, it does not provide for jury trials in prison disciplinary cases. Furthermore, "inmates have no right to retained or appointed counsel at prison disciplinary proceedings."*United States v. Gouveia* , 467 U.S. 180, 185 n.1 (1984).

While Desantiago also maintains he was "not allowed to call witness or cross examine them," he had no right to confront or cross-examine adverse witnesses in his disciplinary proceeding. *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). Moreover, Desantiago does not indicate that he requested any particular witnesses or that he requested them before the hearing. Nor does he show that not having witnesses prejudiced him. This claim seems to be part of Desantiago's equating disciplinary hearings to trials. However, even though *Wolff* entitles Desantiago to present relevant exculpatory evidence, "prisoners do not have the right to call witnesses whose testimony would be irrelevant, repetitive, or unnecessary." *Pannell v. McBride*, 306 F.3d 499, 503 (7th Cir. 2002). The petition suggests Desantiago's physical altercation with another prisoner led to the conduct violation charges lodged against him. Desantiago does not deny that he struck the other combatant. Rather, he alleges that he acted in self-defense. Apparently because the evidence did not show Desantiago had a weapon, the DHB convicted him of battery of another person. If any witness corroborated the petitioner's version of events, it would be repetitive as well as unnecessary because he presented his story to the DHB. Since the DHB hearing was not a trial, Desantiago was not entitled to the rights afforded to criminal defendants during his prison disciplinary hearing; he was not denied due process when he was not afforded those rights. These claims have no merit.

Desantaigo claims there was insufficient evidence to support the DHB's determination. He states "CAB never had or produced the alleged weapon." "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985). Desantiago's complaint about the lack of proof he had a weapon directs his insufficiency claim to the A 102, battery with a weapon offense. Yet, Desantiago does not profess he was convicted of A 102, battery with a weapon; he states the DHB found "me guilty of a class B 212 battery upon another." Under Indiana Department of Corrections ("IDOC") disciplinary procedures, the difference between battery with a weapon and battery of a person turns upon whether or not the prisoner used a weapon to commit the battery. Although Desantiago implicitly denies he was the aggressor (he says "I didn't do anything to this guy"), his self-defense claim is tantamount to an admission that he hit the other prisoner. Assuming Desantiago did not have a weapon, evidence that he struck another person would support the conduct conviction of B 212, battery of a person. In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis. *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotations marks and citation omitted).The evidence sufficiently supported the DHB's determination to convict Desantaigo of the battery without a weapon conduct violation.

Desantaiago claims that he was denied a translator. The requisite inquiry remains whether the denial of a translator violated Desantiago's rights to due process. Just as due process may demand that the prison provide a lay advocate to assist some prisoners during disciplinary proceedings, interpreters may be required for some non-native English speaking prisoners. But, Desantiago is not

in the group entitled to an interpreter to comport with due process. Despite Desantiago's denial that he understood the disciplinary proceedings or could make himself understood, the record does not support this claim. Everything Desantiago has submitted demonstrates that he is literate and coherent in English. Nothing gives any hint the petitioner could not competently present his case to the DHB in English.

The only evidence Desantiago relies upon to show he has difficulty communicating in English is that the DHB rejected his self-defense claim. Desantiago says the DHB believed he engaged in fighting rather than acting to defend himself. He presupposes the DHB did not understand him because of his problems with the English language. A valid self-defense claim generally absolves one of culpability for an otherwise criminal act. This case involves prison disciplinary proceedings, however. Due process in this context does not require prison administrators to entirely excuse disciplinary violations on the basis of self-defense. *Rowe v. DeBruyn*, 17 F.3d 1047, 1054 (7th Cir.1994). The DHB could have believed Desantiago acted in self-defense, and, nevertheless, properly found he committed a battery in violation of prison rules. "The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board.".*Superintendent v. Hill*, 472 U.S. at 457. That the DHB did not acquit Desantiago does not show inadequate English skills prevented him from effectively presenting his defense. The DHB was free to accept Desantiago's story and still determine punishment was appropriate. Moreover, in *habeas corpus* cases, even if a due process error occurred, the petitioner has the burden to show it had a substantial and injurious effect on the outcome of the proceedings. *O'Neal v. McAninch*, 513 U.S. 432 (1995). It is evident Desantiago did not need and, therefore, was not entitled to a translator.

Finally, Desantiago argues that the DHB violated state prison rules and procedures when the disciplinary hearing was not held within twenty-one working days. The United States Supreme Court has said:

> We have stated many times that "federal habeas corpus relief does not lie for errors of state law." Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.

*Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (citations omitted); *See also: Sandin v. Conner*, 515 U.S. 472, 486 (1995).

As Desantiago has presented no basis for habeas corpus relief, the Court will deny this petition.

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

SECTION 2254 HABEAS CORPUS RULE 4.

Therefore, the Court **DENIES** the habeas corpus petition (DE # 1).

**SO ORDERED.**

**ENTERED**: November 6 , 2008.

s/William C. Lee<br>
William C. Lee, Judge<br>
United States District Court